```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| BETH ANN CAIN,            )<br>                           )<br>         Plaintiff  )<br>                           )<br>     v.                   )<br>                           )<br> CAROLYN W. COLVIN[1],     )<br> Commissioner of Social Security, )<br>                           )<br>         Defendant  )  | Civil Action<br>No. 12-cv-06090 |

O R D E R

NOW, this 16th day of September, 2014, upon consideration of the following documents:

1) Plaintiff's Brief and Statement of Issues in Support of Her Request for Review, which brief was filed April 10, 2013;

2) Defendant's Response to Request for Review of Plaintiff, which response was filed May 10, 2013;

3) Report and Recommendation of United States Magistrate Judge Linda K. Caracappa dated April 22, 2014 and filed April 24, 2014;

4) Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge, which objections were filed April 25, 2014;

5) Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, which response was filed May 13, 2014;

6) plaintiff's Civil Complaint filed October 25, 2012; and

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for previous Commissioner Michael J. Astrue as defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

       7)   defendant's Answer filed January 25, 2013;

and after a thorough de novo review of the record in this matter; it appearing that Magistrate Judge Caracappa's Report and Recommendation correctly determined the legal issues presented in this case,

    <u>IT IS ORDERED</u> that Magistrate Judge Caracappa's Report and Recommendation is approved and adopted.[2]

    <u>IT IS FURTHER ORDERED</u> that the decision of the Commissioner of Social Security is affirmed.

---

[2] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. <u>Jozefick v. Shalala</u>, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations." <u>Brophy v. Halter</u>, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001)(Padova, J.); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

    Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject, or modify, in whole or in part, any of the findings or recommendations made by the magistrate judge. <u>Id.</u>

    As more fully discussed below, I approve and adopt Magistrate Judge Caracappa's Report and Recommendation and overrule plaintiff's objections to the Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's objections to the Report and Recommendation of Magistrate Judge Caracappa are overruled.[3]

---

[3] Plaintiff raises two objections to Magistrate Judge Caracappa's Report and Recommendation ("R&R"). First, she objects that the Administrative Law Judge ("ALJ"), Paula Garrety, should not have relied on the testimony of Victor Alberigi, a vocational expert who identified various jobs plaintiff could fill, but stated he did not know how close plaintiff would be to a bathroom in such jobs. Plaintiff contends that in conducting this analysis, the vocational expert failed to take into account her limitation requiring her to work in close proximity to the bathroom, and that Judge Garrety therefore failed to find jobs in the economy that accommodate all of plaintiff's limitations.

On June 27, 2008, Judge Garrety issued a partially favorable decision to plaintiff, determining that plaintiff was disabled from August 30, 2006 through May 2, 2008, but that she had improved subsequently. Plaintiff requested review by the Social Security Administration's Appeals Council, which vacated Judge Garrety's decision with regard to plaintiff's improvement, and remanded on the basis of several errors, including a failure to provide a "function-by-function assessment of claimant's ability to do work-related physical and mental activities." (Administrative Record at 14). A second hearing was held before Judge Garrety, who determined that plaintiff was disabled from August 30, 2006 to February 19, 2009. It is this decision which plaintiff now appeals.

The vocational expert's statement during the second hearing that it was impossible to know how close plaintiff would be to a bathroom in each of the jobs specified did not mean he was wavering on whether jobs existed that would accommodate plaintiff's limitations, but rather that he was simply considering jobs in proximity to a bathroom as equivalent to indoor jobs in order to simplify his analysis. Nothing on the record suggests that this simplification fails to comply with the Appeals Council's instructions on remand.

The Appeals Council interpreted the requirement that plaintiff work in close proximity to a bathroom as requiring her to have more frequent or longer bathroom breaks, not as requiring her to work a specific distance from a bathroom. On remand, the vocational expert complied with the Appeals Council's instruction for a more specific statement of these requirements, stating that plaintiff would need no more frequent or longer bathroom breaks than normal.

Courts in this circuit have widely accepted analyses by vocational experts which equate jobs in proximity to a bathroom to indoor jobs and have not required any more specificity of how close claimant would be to the bathroom. See Scandone v. Barnhart, 2003 WL 22797732 at *3 (E.D.Pa. 2003) (Brody, J.) concluding that the hypothetical requirement of "proximity to bathroom facilities" posed to a vocational expert was not too

(Footnote 3 continued):

—3—

---

(Continuation of footnote 3):

vague; Johnson v. Colvin, 2014 WL 789084 at *6 (W.D.Pa. Feb. 26, 2014) where the vocational expert found available jobs with "access to a bathroom"; Hill v. Astrue, 2009 WL 2883039at *3 (W.D.Pa. Sept. 4, 2009) where the analysis conducted by the vocational expert included "relatively close proximity to restroom facilities".

  Furthermore, a plaintiff seeking a determination of disability bears the burden of proving his or her limitations with evidence. See Burns v. Barnhart, 312 F.3d 113, 119-120 (3d Cir. 2002) which found that substantial evidence supported the denial of benefits when "claimant did not point to relevant medical opinion indicating that his pain and exertional limitations were more severe than the ALJ found them to be." Plaintiff has not shown any evidence to suggest that working indoors would be inadequate to accommodate her limitations and that she must be within a more specific distance of bathroom facilities.

  Accordingly, I conclude that Judge Garrety did not err in relying upon the testimony of the vocational expert, and I overrule plaintiff's first objection to the R&R.

  Plaintiff's second objection contends that Magistrate Judge Caracappa erred in finding that Judge Garrety correctly determined that plaintiff's condition had improved as of February 19, 2009, after which date she was not properly considered disabled. Plaintiff specifically contends that Judge Garrety incorrectly summarized the treatment records from plaintiff's sessions with her psychiatrist, Dr. Randi L. Mittleman, M.D.; improperly rejected Dr. Mittleman's evaluation; and failed to discuss the weight given to the report of plaintiff's primary care physician, Dr. Jeffrey A. Langbein, D.O.

  When reviewing a Social Security determination, a district court must determine whether the ALJ's factual findings were supported by substantial evidence in the record, which is "more than a mere scintilla", but rather evidence a reasonable mind might consider adequate to support the ALJ's conclusion. Chandler v. Commissioner of Social Security, 667 F.3d 356, 359 (3d Cir. 2011)(citing 42 U.S.C. § 405(g); Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003)). In doing so, the district court is not permitted to re-weigh the evidence or make its own factual determinations. Chandler, 667 F.3d at 359.

  Furthermore, "a single piece of evidence" will not satisfy the substantial evidence standard if the ALJ fails to resolve conflicts with opposing evidence. Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983). ALJs generally should give great weight to a report from a claimant's treating physician, and may only reject a physician's report on the basis of contradictory medical evidence, not because of the ALJ's own "credibility judgments, speculation or lay opinion." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000).

  Some of the ALJ's reasoning is unpersuasive. For example, (1) I reject the inference drawn by the ALJ that because plaintiff's rheumatologist recommended that plaintiff exercise five times a week, that therefore

(Footnote 3 continued):

—4—

<u>IT IS FURTHER ORDERED</u> that judgment is entered in favor of defendant Carolyn W. Colvin and against plaintiff Beth Ann Cain.

<u>IT IS FURTHER ORDERED</u> that the Clerk of Court shall close this civil action for statistical purposes.

BY THE COURT:

<u>/s/ JAMES KNOLL GARDNER</u>
James Knoll Gardner
United States District Judge

---

(<u>Continuation of footnote 3</u>):

plaintiff is physically capable of working a full time job because the exercise recommendation is equally consistent with the physical inability to work full time; (2) I reject the ALJ's rejection of some of the conclusions in Dr. Mittleman's report based upon the ALJ's conclusion that the Mittleman conclusions conflict with plaintiff's GAF score of 60, because the ALJ does not explain how the GAF score is inconsistent with the Mittleman conclusions; and (3) it is unclear both what weight the ALJ gave Dr. Mittleman's report and whether the ALJ rejected the Mittleman report altogether or partially.

Nevertheless, for the following reasons, I find that Magistrate Judge Caracappa correctly determined that substantial evidence supported the ALJ's determination that plaintiff was not disabled as of February 19, 2009.

I conclude that substantial evidence existed to support the conclusion that plaintiff's condition had improved.  The ALJ reviewed plaintiff's medical records and the treatment reports from Dr. Mittleman and concluded that they showed both physical and psychological improvement in plaintiff's condition.  These objective medical findings can reasonably be interpreted to contradict the findings in the reports of both physicians, particularly in light of the fact that both Dr. Langbein and Dr. Mittleman present their findings through "check-box" forms, which are "weak evidence at best."  <u>Mason v. Shalala</u>, 994 F.2d 1058, 1065 (3d Cir. 1993).

Thus, based on the objective evidence, the ALJ could reasonably have decided as she did, and I am not free to reweigh the evidence.  I find the Report and Recommendation to be correct factually and legally.  Accordingly, I overrule plaintiff's second objection and approve and adopt Magistrate Judge Caracappa's Report and Recommendation.